UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CARLMONT CAPITAL SPECIAL PURPOSE CORPORATION II, a Nevada corporation and MEDICAL CAPITAL CORPORATION, a Nevada corporation;<br><br>                    Plaintiffs,<br><br>     vs.<br><br>HEALTHCARE FOR WOMEN, S.C., an Illinois Corporation; LYNDON D. TAYLOR, M.D. LLC, an Illinois Corporation; DOES 1-100 and ROE CORPORATIONS 1-100,<br><br>                    Defendants. | Case No.: 2:07-cv-1018-RLH-GWF<br><br>**O R D E R**<br><br>(Motion to Dismiss–#12) |

Before the Court is Defendants' **Motion to Dismiss** (#12), filed September 21, 2007. The Court has also considered Plaintiffs' Opposition (#15), filed October 15, 2007, and Defendants' Reply (#16), filed October 29, 2007.

**BACKGROUND**

The instant action arises from a Purchase Agreement ("Carlmont Purchase Agreement") executed on April 30, 2003, and its subsequent Exhibits executed on June 30, 2003. The parties to the Carlmont Purchase Agreement are Plaintiffs Carlmont Capital Special Purpose

1

AO 72
(Rev. 8/82)

1  Corporation II ("Carlmont Capital") and Medical Capital Corporation ("Medical Capital") as
2  buyers, and Defendant Healthcare for Women, S.C. ("HfW"), as provider.  Dr. Lyndon D. Taylor
3  ("Dr. Taylor") personally guaranteed the performance of HfW in the Carlmont Purchase
4  Agreement.
5        HfW, an Illinois corporation that provided obstetric and gynecological medical
6  services, was organized on December 14, 1987.  Dr. Taylor was its principal officer.  Defendants
7  assert that HfW was abandoned by Dr. Taylor in November 2004 following his Chapter 7 personal
8  bankruptcy petition.  The Illinois Secretary of State formally dissolved HfW by administrative
9  procedure on May 2, 2005.
10       Defendant Lyndon D. Taylor, M.D., LLC ("Taylor LLC"), an Illinois corporation,
11  was incorporated on November 16, 2004.  That same day, Dr. Taylor filed a personal petition for
12  bankruptcy under Chapter 7 in the U.S. Bankruptcy Court in the Northern District of Illinois at
13  Chicago.  The next day, November 17, 2004, Dr. Taylor executed an Asset Purchase Agreement
14  between his old company HfW, and his newly established company Taylor LLC.  The Asset
15  Purchase Agreement sold HfW assets to Taylor LLC with payments to be made under the terms of
16  a promissory note.  Dr. Taylor is presently operating his obstetric/gynecology practice from Taylor
17  LLC.
18       For the reasons stated below the Court denies Defendants' Motion.

## DISCUSSION

**I.  Motion to Dismiss Standard**

Defendants have submitted matters outside the pleadings for the Court's consideration on the Motion.  Pursuant to Rule 12(d) the Motion shall therefore be treated as one for summary judgment and disposed of in accordance with Rule 56.

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

AO 72
(Rev. 8/82)

of law." Fed. R. Civ. P. 56(c). An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is "material" only if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view all facts and draw all inferences in the light most favorable to the nonmoving party. *Blanck v. Hager*, 360 F. Supp. 2d 1137, 1148 (D. Nev. 2005) (citations omitted).

In response to a properly submitted summary judgment motion, the burden shifts to the opposing party to set forth specific facts showing that there is a genuine issue for trial. *Henderson v. City of Simi Valley*, 305 F.3d 1052, 1055–56 (9th Cir. 2002). The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991).

**II.  Statute of Limitations**

Defendants move to dismiss all claims against HfW because Plaintiff's action was commenced beyond the statute of limitations period.

"The capacity of a corporation to sue and be sued is determined according to the laws of the jurisdiction where the corporation is organized." *Yukon Recovery, LLC v. Certain Abandoned Prop.*, 205 F.3d 1189, 1193 n.1 (9th Cir. 2000) (applying Delaware statute providing three-year extension of corporate existence for the purpose of prosecuting or defending any lawsuit begun after corporate dissolution); Fed. R. Civ. P. 17(b).

Illinois corporations may be sued if the action is commenced within five years of dissolution. 805 Ill. Comp. Stat. 5/12.80. HfW was dissolved less than three years before the commencement of the instant action. Therefore, the pertinent statute of limitations has not yet passed.

////

**III. Taylor LLC**

Defendants move to dismiss all claims against Taylor LLC because it was not a signatory to the Carlmont Purchase Agreement. However, Plaintiffs have shown that there is a genuine issue of material fact as to: first, whether Plaintiffs had a secured interest in the HfW assets assumed by Taylor LLC; and second, whether Taylor LLC is a successor corporation of HfW.

*A. Plaintiffs' Security Interest in HfW Assets Purchased by Taylor LLC*

On July 31, 2003, and August 5, 2003, HfW filed UCC-1 financial statements with the Illinois Secretary of State granting to Carlmont Capital a security interest in "all accounts, all rights and interests of debtor in and to any medical accounts receivable, health-care insurance receivables, general intangibles, and contract rights, now existing and hereafter arising and all proceeds for all of the foregoing." (Opp'n Ex. 2.) Plaintiffs have also submitted an Assignment of Receivables Agreement, entered into by Dr. Taylor, which conveys all rights, titles, and interest in and to the medical accounts receivable from HfW to Carlmont Capital. Dr. Taylor also entered into a Bill of Sale with Carlmont Capital to assign, grant, bargain, deliver, transfer, sell, and convey all the medical accounts receivable from HfW to Carlmont Capital. The Receivables Agreement and the Bill of Sale are both part of the Carlmont Purchase Agreement.

Pursuant to Illinois law "a security interest . . . continues in collateral notwithstanding sale, lease, license, exchange, or other disposition thereof unless the secured party authorized the disposition free of the security interest . . .; and (2) a security interest attaches to any indentifiable proceeds of collateral." 810 Ill. Comp. Stat. 5/9-315; Nev. Rev. Stat. § 104.9315 (same). Therefore, because Carlmont Capital did not authorize the disposition of assets from HfW to Taylor LLC, free of the security interest, there is a genuine issue of fact as to whether Carlmont Capital still has a security interest in the assets assumed by Taylor LLC.

Defendants claim that Taylor LLC did not assume any assets or accounts receivable to which the secured interest applies. It is true that the Asset Purchase Agreement does not list the

account receivables; however, given the context of the creation of Taylor LLC, immediate Asset Purchase Agreement, the type of assets admittedly assumed, and the corresponding dissolution of HfW, the Court still finds there is a genuine issue of material fact as to whether some assets were assumed to which the security interest attached.

### B. Taylor LLC as a Successor Corporation

Illinois recognizes four exceptions to the general rule of successor corporate nonliability: (1) express or implied agreement of assumption exists; (2) de facto merger of purchaser and seller corporation; (3) purchaser is merely continuation of seller; and (4) transaction is for the fraudulent purpose of escaping liability for the seller's obligations. *Vernon v. Schuster*, 688 N.E.2d 1172, 1175–76 (Ill. 1997). Plaintiffs assert that exceptions (2)–(4) apply to the instant action. Each exception is sufficient to apply successor liability. Therefore, the Court need only address one of these exceptions to find there is a question of fact as to whether successor liability applies.

#### (1) Continuation Exception

"The continuation exception . . . applies when the purchasing corporation is merely a continuation or reincarnation of the selling corporation. In other words, the purchasing corporation maintains the same or similar management and ownership, but merely wears different clothes." *Id.* at 1176 (internal citations and quotations omitted). This exception is recognized so that corporations cannot fraudulently escape liability merely by "changing hats." *Id.* "Thus, the underlying theory of the exception is that, if a corporation goes through a mere change in form without a significant change in substance, it should not be allowed to escape liability." *Id.* (quotations omitted). "[A] common identity of officers, directors, and stock between the selling and purchasing corporation [is] the key element of a continuation [analysis]." *Id.*

The only evidence before the Court is that HfW and Taylor LLC share the exact same officers and directors, namely, Dr. Taylor. Dr. Taylor signed as the President, Vice-President, Treasurer, and Secretary of HfW in the Carlmont Purchase Agreement, and is allegedly

the only controlling officer of Taylor LLC.  Defendants also admit that "it is true that Dr. Taylor was the sole stockholder of both entities." (Reply 6.)  Furthermore, even though Defendants claim Taylor LLC is a smaller entity physically and administratively than HfW, it is not debated that both entities exist for Dr. Taylor to provide obstetric and gynecological services to the same group of clients.  Moreover, there is no debate that Taylor LLC is working out of the same location and using the same phone numbers as HfW.  Taylor LLC may not provide all the same services HfW did, but there is enough evidence to suggest that Taylor LLC is merely HfW after a "change in form without a significant change in substance."  *Id.*  Therefore, the Court finds that there is a genuine issue of material fact as to whether successor liability applies to Taylor LLC.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#12) is DENIED.

Dated:  January 10, 2008.

_____
ROGER L. HUNT
Chief United States District Judge